UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT A. WOODFIN (#643670)**                                       **CIVIL ACTION**

**VERSUS**

**NO. 24-681-JWD-RLB**

**TRUSTEE, ET AL.**

**ORDER**

This matter comes before the Court on Plaintiff's Motion to Proceed in Forma Pauperis (R. Doc 2).

*Pro se* plaintiff Robert A. Woodfin, an inmate incarcerated at the Martin Correctional Institution, Indiantown, Florida, filed this action pursuant to 42 U.S.C. § 1983 against "TRUSTEE CLERK OF COURT NINETEENTH DISTRICT EAST PARISH BATON ROUGUE, LOUISIANA 70821 "Deceased" estate IRA WOODFIN OWNER WOODFIN-SMITH PONTIAC – GMC Dealership" alleging that his constitutional rights are being violated in connection with a state court probate proceeding.

The statute applicable to the granting by federal courts of *in forma pauperis* status to inmates in civil proceedings makes clear that Plaintiff is not entitled to proceed as a pauper in this case. 28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

A review of the records of this Court and others reflects that Plaintiff has, on three or more prior occasions while incarcerated, brought actions or appeals in the federal court that have been dismissed as frivolous, malicious, or for failure to state a claim.[1]

An inmate who has had three prior "strikes," but nonetheless wishes to commence a new civil action *in forma pauperis*, must show that he was under imminent danger at the time of filing; the exception does not provide a basis to avoid application of the three-strikes rule based on allegations of past harm. *Banos v. O'Guin*, 144 F.3d 883, 884–885 (5th Cir. 1998). In the instant matter, the plaintiff does not allege that he was in imminent danger at the time he filed his Complaint.

The limited exception provided in subsection (g) for imminent danger of serious physical injury operates as a safety valve to ensure that, despite the filing of frivolous lawsuits in the past, an abusive inmate facing future imminent serious physical injury by prison officials will still be able to pursue a judicial remedy to prevent such injury. Here, the plaintiff fails to show that his circumstances warrant an exception to be made. Notably, the instant ruling does not prohibit the plaintiff from pursuing his claims in federal court; it only denies him the privilege of proceeding without the payment of filing fees. Accordingly, because the plaintiff is barred from proceeding *in forma pauperis* in this case, he is required to pay the full amount of the Court's filing fee. Accordingly,

**IT IS ORDERED** that Plaintiff is granted twenty-one (21) days from the date of this Order within which to pay $405.00, the full amount of the Court's filing fee. The filing fee must

---

[1] Cases filed by the plaintiff that have been dismissed by the federal courts as frivolous, malicious, or for failure to state a claim include, but are not limited to, *Robert Anderson Woodfin v. State of Louisiana 19th Judicial District Court, et al.*, 1:11-cv-20789 (S.D. Fl.); *Robert A. Woodfin v. R.H. Hitchcock*, 1:97-cv-00897 (S.D. Fl.); *Robert A. Woodfin v. Ira Woodfin*, 2:97-cv-14280 (S.D. Fl.).

be paid in full in a single payment. No partial payments will be accepted. Failure to pay the Court's filing fee within 21 days shall result in the dismissal of Plaintiff's action without further notice from the Court.

Signed in Baton Rouge, Louisiana, on October 23, 2024.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**